RECEIVED
IN MONROE, LA

JUL 24 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 04-1636 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KEVIN D. KENNEDY | MAG. JUDGE ROBERT SHEMWELL |

RULING

Pending before the Court are cross motions filed by the parties in the above-referenced matter. For the following reasons, Defendant Kevin D. Kennedy's ("Kennedy") Motion for an Expedited Injunction [Doc. No. 15] is DENIED, and the Government's Motion to Dismiss [Doc. No. 22] Kennedy's request for injunctive relief is GRANTED.

I.  **Pertinent Facts and Procedural History**

On August 2, 2004, the Government filed its Complaint [Doc. No. 1]. In the Complaint, the Government purported to be the holder in due course and owner of certain promissory notes executed by Kennedy and payable to the Farmers Home Administration (now the Farm Service Agency). Copies of the Notes were attached to the Complaint.

The Notes were secured by certain security agreements and mortgages encumbering movable and real property located in West Carroll Parish, Louisiana. The security agreements and mortgages were recorded in the records of West Carroll Parish. Copies of the security agreements and mortgages were also attached to the Complaint.

The Government and Kennedy also entered into an Agreement Evidencing Extension by

1

Reamortization.

Kennedy executed a waiver of service form, and his Answer was due to be filed no later than October 12, 2004.[1] Kennedy did not file an Answer.

On October 12, 2004, the Government filed a Motion for Entry of Default [Doc. No. 3]. Although the motion was technically premature by one day, the Clerk of Court did not enter default until October 14, 2004, at which time Kennedy still had not filed an Answer and was in default. See [Doc. No. 4].

On October 28, 2004, the Government filed a Motion for Default Judgment [Doc. No. 5]. The Court entered a default judgment against Kennedy on November 5, 2004. Kennedy's property was seized, and a sale was scheduled by the United States Marshal Service ("the U.S. Marshal"). Before the sale was held, however, on April 18, 2005, Kennedy filed bankruptcy. See In re Kevin D. Kennedy, 05-30936, United States Bankruptcy Court, Western District of Louisiana. The sale was cancelled because of the bankruptcy.

Once Kennedy filed bankruptcy, there was an automatic stay as to all pending cases. On March 30, 2006, instead of providing notice of Kennedy's bankruptcy, the Government improperly filed a Motion and Order for Dismissal [Doc. No. 11]. The Court granted the Government's voluntary motion on April 3, 2006, and dismissed the case without prejudice. See [Doc. No. 12].

On November 16, 2006, the Bankruptcy Court dismissed Kennedy's case on the motion

---

[1] Kennedy's Answer was due 60 days from August 10, 2004, but the sixtieth day fell on Saturday, October 9, 2004, and the following Monday, October 11, 2004, was a federal holiday. Therefore, under Federal Rule of Civil Procedure 6(a), Kennedy's Answer had to be filed by the next business day, Tuesday, October 12, 2004.

of the Trustee for failure to make scheduled payments.

On April 2, 2007, the Government filed a Motion to Vacate Judgment of Dismissal and Reopen Case [Doc. No. 13]. In that motion, the Government explained that Judgment in Rem had been entered prior to Kennedy's bankruptcy, the property had been seized, and all that remained was the sale of his property. The Government then admitted its error in obtaining a voluntary dismissal instead of a stay. The Government requested that the dismissal be vacated, and the case be reopened in order to permit sale of the property. The Government noted that Kennedy's bankruptcy case had been dismissed and that the U.S. Marshal was prepared to set a sale.

On April 9, 2007, the Court granted the Government's motion, vacated its April 3, 2006 order of dismissal,[2] and reopened the case.

On May 30, 2007, Kennedy, acting pro se, made his first appearance in this matter nearly three years after suit was filed. At that time, he filed the pending Motion for an Expedited Injunction shortly before a sale by the U.S. Marshal was to commence at 10:00 A.M. that morning. To the extent Kennedy sought a temporary restraining order ("TRO"), the Court denied the TRO and permitted the sale to proceed.

On June 14, 2007, the Court conducted a status conference with the parties to discuss Kennedy's motion to the extent that he seeks a preliminary injunction. At that time, the Court ordered any dispositive motions to be filed by July 16, 2007, with responses due within fifteen (15) days of the filing of the motion.

---

[2]The Court notes that the April 3, 2006 Judgment was, in essence, without effect because the Court had no authority to take any action in the case while the automatic stay was pending.

3

On July 2, 2007, the Government filed a Motion to Dismiss [Doc. No. 22] Kennedy's Motion for an Expedited Injunction.

On July 18, 2007, in response, Kennedy filed a "Memorandum on Motion to Continue Expedited Hearing" [Doc. No. 26].

## II. Law and Analysis

While Kennedy seeks a preliminary injunction to prevent the sale of his former property, the Court has previously entered a default judgment in favor of the Government. Accordingly, before the Court could even consider injunctive relief, it must determine whether the default judgment should be set aside. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court has the authority to set aside a default judgment, but only for good cause shown. See Lacy v. Sitel Corp., 227 F.3d 291-92 (5th Cir. 2000).

In this case, Kennedy clearly received the Government's Complaint and knew that he had sixty (60) days to answer. He has offered no reason or excuse for his failure to timely answer. Instead, he claims that his attorney in his bankruptcy case failed to best represent his interests in negotiations with the Government. He then alleges that the Government has discriminated "against Black farmers and their families concerning the Pigford lawsuit" and that "discrimination is still prevalent and is also a possibility in this case." [Doc. No. 26, p. 1]. He contends that there "are many unanswered question [sic] concerning this matter . . . and it is a strong possibility . . . that conspiracy is involved." [Doc. No. 26, p. 1].

None of Kennedy's allegations and speculation explain why he failed to file a timely answer, move to set aside the entry of default, or move to set aside the default judgment in this case.

4

With regard to his allegations of race discrimination, Kennedy has not alleged that he was a claimant in <u>Pigford v. Glickman,</u> 206 F.3d 1212 (D.C. Cir. 2000), a class action lawsuit by black farmers against the United States Department of Agriculture. In fact, the Government verified that Kennedy never filed a claim in that lawsuit, which has long been concluded.

Under these circumstances, the Court finds that Kennedy has failed to establish good cause to set aside the default judgment against him. Therefore, his request for injunctive relief is moot.[3]

### III. Conclusion

For the foregoing reasons, Kennedy's Motion for an Expedited Injunction [Doc. No. 15] is DENIED, and the Government's Motion to Dismiss [Doc. No. 22] is GRANTED.

MONROE, LOUISIANA, this 24 day of July, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] Even if this Court could consider Kennedy's request for injunctive relief, he has failed to show any likelihood of success on the merits.

5